IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
PETER R. TIA, #A1013142,      ) CIV. NO. 17-00097 LEK-KSC
                              )
            Plaintiff,        ) ORDER VACATING DEFICIENCY
                              ) ORDER AND DISMISSING
       vs.                    ) ACTION PURSUANT TO 28
                              ) U.S.C. § 1915(g)
CCA, Inc., et al.,            )
                              )
            Defendants.       )
_____ )
```

## ORDER VACATING DEFICIENCY ORDER AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)

Before the court is pro se Plaintiff Peter R. Tia's prisoner civil rights complaint. ECF No. 1. Because Tia did not submit the $400.00 filing fee or an Application to Proceed In Forma Pauperis ("IFP"), the court issued an automatic Deficiency Order directing him to do so. ECF No. 2. For the following reasons, the court VACATES the Deficiency Order and DISMISSES this action pursuant to 28 U.S.C. § 1915(g).

## I.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment if he has:

> on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless [he] is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) "should be used to deny a prisoner's IFP status only when . . . the district court determines that the [earlier] action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "[D]ocket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g)." *Id.* at 1120.

Tia has accrued three "strikes" under § 1915(g), and has been notified of these strikes.[1]  Tia may not

---

[1] *See Tia v. Criminal Investigation*, 1:10-cv-00441 DAE (D. Haw. 2010) (dismissed as frivolous and ftsc); *Tia v. Criminal*
(continued...)

proceed in a civil action in this court without concurrent payment of the civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury based on Defendants' actions when he filed suit.

## II.  NO IMMINENT DANGER

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time."  *Id.* at 1053.  Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

---

[1](...continued)
*Investigation*, 1:10-cv-00383 SOM (D. Haw. 2010); and (same); *Tia v. Fujita*, 1:08-cv-00575 HG (D. Haw. 2009) (dismissed for failure to state claim).  *See* PACER Case Locator http://pacer.psc.uscourts.gov.

Tia alleges Defendants Yvonne Jinbo, Edgar Vergara, Shanah Doe, Libio Hernandez, and Flo Magallanes breached a duty under state law to notify the Hawaii Paroling Authority ("HPA") that: (1) a state court order for his involuntary medication expired on April 25, 2015, and (2) he has proof of compliance with a condition for release on parole.  Tia further claims that (1) Defendant Jinbo said the Ombudsman has no duty to investigate his claims, and (2) Defendants impaired his ability to grieve his claims.  These allegations do not show that Tia was in imminent danger of serious physical injury when he commenced this action.

### IV.  **CONCLUSION**

Tia is not in imminent danger of serious physical injury and he may not proceed IFP in this action. Accordingly, the Deficiency Order, ECF No. 2, is VACATED and this action is DISMISSED without prejudice to Tia's refiling these claims in a new action with concurrent payment of the civil filing fee.  Any pending motions are terminated.  The Clerk of Court is DIRECTED to close the case and note this dismissal is

pursuant to 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

    DATED:  HONOLULU, HAWAII, March 8, 2017.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

*Tia v. CCA, Inc.*, 1:17-cv-00097 LEK/KSC; 3stk 2017/Tia 17-97 lek